IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

WILSON OCHAR

**PLAINTIFF**

vs.

LENTEGRITY AND
MERLEX AUTO GROUP

**DEFENDANTS**

<u>Case No. 1:24-cv-00926 (CMH/WBP)</u>

**MERLEX AUTO GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNETIVE, TO COMPEL ARBITRATION**

Defendant Setayesh, Inc., t/a Merlex Auto Group[1] ("Merlex") states as follows in support of its Motion pursuant to Fed. Rules Civ. P. 12(b)(l), (6) and 9 U.S.C. § 3[2] to compel Plaintiff to arbitrate his claims against Merlex as mandated by the terms of an agreement to arbitrate applicable to Plaintiff's purchase of the vehicle and resulting loan:

**INTRODUCTION**

The claims asserted against Merlex arise from Plaintiff's purchase of a 2015 Audi A-3 (the "Audi") from Merlex.  Plaintiff purchased the Audi pursuant to the terms of a Retail

---

[1] The Correct legal name for the entity in Setayesh, Inc., t/a Merlex Auto Group
[2] The Federal statute provides:  "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

1

Installment Sale Contract ("RISC") attached hereto as Exhibit 1[3]. The RISC was then assigned to Lentegrity. In his Complaint, Plaintiff apparently takes issue with the monthly payments he is required to pay under the RISC and claims:

> I believe the TILA Act applies to auto loans like this and therefore showing how Merlex Auto Group and Lentegrity charged me extra amount in interest and refused to correct the billing error to reflect on the (sic) principal ball because they believe their calculation is accurate, this is a violation of the code, hence the complaint about predatory lending under the Truth In Lending Act [TILA], 15 U.S.C. 1601 et seq (sic) Therefore, I kindly request for a motion for summary judgment in favor of my complaint and against the defendant for compensation relief as the court deems just and proper.

As set forth herein below, Plaintiff has agreed to submit the claims set forth in this action to Arbitration. Because Plaintiff agreed to the arbitration clause and because all of Plaintiff's claims are within the scope of the arbitration clause, Merlex respectfully requests that this case be dismissed in favor of arbitration. See *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001)("Notwithstanding the terms of §3 [of the FAA], however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

## ARGUMENT:

### I. The RISC Includes A Valid Arbitration Agreement Which Applies to Plaintiffs Claims

Page 4 of the RISC contains an Arbitration Agreement. It provides, in pertinent part:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW· IMPORTANT. AFFECTS YOUR LEGAL RIGHTS**
>
> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM

---

[3] This is the same document attached to the Plaintiff's Original Complaint (Dkt. 1) as part of (sic) Exhibits A-Z (Page 3 of 34 through Page 7 of 34).

**YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR A CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) between you and us or our employees, agents, successors or assigns, which arises out or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action..... Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval... Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

## II.     The Plaintiff Must Arbitrate His Claims Pursuant to the Arbitration Agreement

Plaintiff voluntarily signed the Arbitration Agreement. He is therefore bound by its terms. The Court should compel the Plaintiff to arbitrate his claims pursuant to the mandates of the Federal Arbitration Act (the "FAA"). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the U.S. Supreme Court has explained, "[i]n enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial form for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v.*

*Keating*, 465 U.S. 1, 10 (1984). The Act has repeatedly been described as embodying a national policy favoring arbitration and a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (U.S. 2011).

### III. The Arbitration Agreement Encompasses the Entirety of The Instant Dispute

Plaintiff's claims are subject to arbitration because they fall squarely within the scope of the Arbitration Agreement. The Arbitration Agreement applies to any dispute between Defendant and the Plaintiff which arises out or relates to Plaintiff's credit application, purchase or condition of the Vehicle, the RISC, or any resulting transaction or relationship (including any such relationship with third parties who do not sign the RISC.

### Under Applicable Law, There Is No Doubt That The Plaintiff's Claims Are Subject To Arbitration

The scope of an arbitration clause is evaluated in accordance with ordinary rules of contract interpretation, augmented by the strong federal policy favoring arbitration. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995). The initial inquiry is whether the parties agreed to arbitrate their dispute. *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc*., 473 U.S. 614, 626 (1985). All ambiguities as to the scope of an arbitration clause must be resolved in favor of arbitration. Id.; *United Steel Workers of Am. v. Warrior & Gulf Navigating Co*., 363 U.S. 574, 582-83 (1960); *Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 710 (4th Cir. 2001*); United States v. Bankers Ins. Co*., 245 F.3d 315, 319 (4th Cir. 2001).

This "heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 92 (4th Cir. 1996) (quoting

*Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co*., 867 F.2d 809, 812 (4th Cir. 1989)). Indeed, a court must order arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *American Recovery* at 93.

Arbitration is particularly favored in consumer disputes such as this. "Indeed, arbitration's advantages often would seem helpful to individuals, say, complaining about a product, who need a less expensive alternative to litigation." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 280 (1995) (citations omitted); see also *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S. Ct. 513 (2000) (enforcing arbitration clause between consumer and lender); *Harris v. Green Tree Fin. Corp*., 183 F.3d 173 (3d Cir. 1999) (enforcing arbitration provision between borrower and consumer finance company). The Plaintiff's claims for violations of TILA, 15 USCS, Ch. 41, Equal Credit Opportunity Act and Title 6.2 of the Virginia Code arise out of or relate to the Plaintiff's purchase of the Audi and the financing thereof. As such, the entirety of the claims asserted against Merlex are subject to binding arbitration.

### IV. Even If There Was Any Question As to Whether The Claims Asserted In this Complaint Are Subject to Arbitration, the Parties Have Agreed that It Is The Arbitrator Who Must Decide Any Dispute as to Whether a Claim is Arbitrable

The Arbitration Agreement provides that the interpretation and scope of the Arbitration Clause is left to the Arbitrator. The parties to a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also "gateway questions of arbitrability". *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65, 139 S. Ct. 524, 526 (2019). "[I]f there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Kubala v. Supreme Production Services, Inc.,* 830 F.3d 199, (5th Cir.) (2016). Accordingly, a court ruling on an arbitration motion engages in a "limited review" to

5

ensure that the dispute is arbitrable. *Murray United Food and Commercial Workers Int'l. Union,* 289 F.3d 297, 302 (4th Cir. 2002). If an issue is referable to arbitration under an agreement in writing for such arbitration, then "a stay is mandatory and a motion to compel must be granted." *Adkins v. Labor Ready, Inc*. 303 F.3d 496, 500 (4th Cir. 2002) (quoting 9 U.S.C. §3)).

## CONCLUSION:

There is no question that the Plaintiff has signed the RISC. He is therefore bound by its terms.[4] The RISC includes an Arbitration Agreement which requires that the claims against Merlex be arbitrated. The court must therefore stay all proceedings pending arbitration. See *9 U.S.C. § 3* (providing that "the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action. . . "). This provision is mandatory and a court lacks discretion to deny the request to stay. *Adkins* Supra. Moreover, and because the entirety of the Plaintiff's' claims are clearly subsumed by the Arbitration Agreement, Merlex respectfully requests that the Court enter an order dismissing this case without prejudice. Alternatively, Merlex requests that the Court stay this action and compelling arbitration.

Respectfully Submitted

**SETAYESH, INC t/a**
    **MERLEX AUTO GROUP**
**BY COUNSEL**

---

[4] As previously stated, the RISC is also included as an Exhibit to the Complaint. Moreover, in responding to the undersigned request that he voluntarily agree to have this matter submitted to arbitration, Plaintiff responded "I read the contract and am well aware of the arbitration agreement, but when I contacted your client from Lentegrity they were very rude to me over the phone and they confirmed that the interest is 5$ a day which is exactly what am saying which comes to 150$ a month, but when you check the statements they take more than 150$ a month for interest which is going against the fixed rate agreement we had. Then I got another letter from Lentegrity contradicting what they said on the phone now saying it's 6$ a day of which still they took more than that for interest from each monthly payment. Therefore this is beyond arbitration and has escalated into a class action." See Exhibit 2.

*/S/ David R. Mahdavi*
David R. Mahdavi
Virginia State Bar Id. # 27417
**MAHDAVI, BACON**
      **HALFHILL & YOUNG, PLLC**
11350 Random Hills Road
Suite 700
Fairfax, Virginia 22030
Tel: 703-790-4900
Fax: 703-790-1676
dmahdavi@mahdavibacon.com

**Counsel for Defendant Setayesh, Inc.**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and accurate copy of the foregoing was sent through the Court's ECF system and by email and first-class mail this 5th day of August, 2024 to:

        Wilson Ochar
        928 Manor Road
        Apartment 202
        Alexandria, VA 22305
        Wilson.ochar@gmail.com

        **Plaintiff Pro Se**

And by First class mail to:

        Lentegrity
        27472 Portola Pkwy #205-345
        Foothill Ranch California 9261O

        */S/ David R. Mahdavi*
        David R. Mahdavi