FILED

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT ALEXANDRIA DIVISION

2025 MAR 27 P 3: 09

Wilson Ochar
(Plaintiff)

V
Lentegrity *et al*
Merlex Auto Group
(Defendants)

Case No: 1:24-cv-00926

## MOTION FOR A FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

1. HERE COMES NOW, Wilson Ochar, the plaintiff in this case, hereby kindly and respectfully submitting this Motion for a Final Order for Permanent Injunction and Other Equitable Relief (the "Motion"), pursuant to the consent judgment to be granted by the United States District Court Eastern District Alexandria Division to serve as the parties' final settlement agreement (the "Settlement Agreement").

## BACKGROUND

2. The parties, Wilson Ochar, hereby as the plaintiff, and Lentegrity LLC and Setayesh Inc DBA Merlex Auto Group, hereby as the defendants, are engaged in litigation in this Court, captioned *Wilson Ochar V Lentegrity et al Merlex Auto Group,* under Case Number 1:24-cv-00926 (the "Action").

3. The parties have not reached a mutually acceptable settlement of the Action, as set forth in the Motion for Consent Judgement as a proposed settlement agreement because the defendant Lentegrity LLC is still being evasive despite the plaintiff re-sending the summons order to compel them to respond to the allegations, whereby the time has passed and now they have failed to bargain the settlement agreement and therefore the

District Court has jurisdiction to stipulate the final order for permanent injunction and other equitable relief.

4.  The plaintiff now moves the District Court to GRANT the motion for consent judgement and determine a proper equitable relief as it deems just and proper in order to have a settlement agreement in this matter, where the defendant agrees to the entry of a final order for permanent injunction and other equitable relief, as set forth by the District Court.

5.  The plaintiff notes that a consent judgment is a judgment made by a judge with the consent of all the parties. It is not strictly a judgment, but rather a settlement agreement approved by the court. The settlement is submitted to the court in writing after the parties have reached an agreement, and once approved by the judge, the agreement is binding and enforceable on both parties. A consent judgment is not **appealable**, except that *it can be set aside by the court for fraud on the part of one party, or for error on the part of both parties.*

6.  The plaintiff further notes that the consent judgement from the statement above states that, "*except that it can be set aside by the court for fraud on the part of one party, or for error on the part of both parties.*" where the plaintiff swears under penalties of perjury that this complaint is not fraud, but truthful and that the plaintiff has already tried all means to settle this matter amicably with the defendant and therefore, their evasiveness and lack of bargaining should further show the court that the plaintiff is telling the truth and therefore the District Court is more than welcomed to set this case aside after granting the consent judgement, then order the court appointed attorney or the services of accounting firms like Ernst & Young or KPMG to audit the defendants' title loan records, starting with that of the plaintiff, to see if they have been in compliance with the law since the inception of their business. The results will reveal in great length the truth that the defendant engages in deceptive and unfair practices by engaging in predatory lending and other federal violations, which is a violation of the Truth In Lending Act [TILA], *15 U.S.C. 1601 et seq.,* and *15 U.S. Code § 1605 - Determination of finance charge.*

7. The plaintiff notes that despite failing to agree with the defendants, in the following cases, a consent decree was granted without the defendants mutually agreeing and attempts to appeal them were also denied:

   a. **Fed. Trade Comm'n v. Circa Direct LLC, Civil No. 11-2172 RMB/AMD (D.N.J. Jun. 13, 2012)** - On February 10, 2012, Plaintiff Federal Trade Commission (the "FTC") and Defendants Circa Direct LLC and Andrew Davidson (the "Defendants") requested that this Court approve a Stipulated Final Order for Permanent Injunction and Other Equitable Relief (the "Stipulated Order")[Docket No. 37] settling the FTC's claims against the Defendants. This Court twice required further briefing from the parties on the propriety of approving the Stipulated Order. [Docket Nos. 36, 50]. For the reasons that follow, this Court will approve the Stipulated Order, subject to certain conditions described below.

   b. **United States v. Swift Company, 189 F. Supp. 885 (N.D. Ill. 1960)** - Holding that consent decree must be enforced as written, and enforcing defendant's waiver of right to litigate a particular issue. Since 1920, the decree has withstood a motion to vacate it in its entirety, Swift Co. v. United States, 276 U.S. 311 (1928), and two attempts on the part of the defendants to have it modified in light of alleged changed circumstances. United States v. Swift Co., 286 U.S. 106 (1932); United States v. Swift Co., 189 F. Supp. 885, 892 (ND Ill. 1960), aff'd, 367 U.S. 909 (1961). Thus the decree stood at the time this case arose, and still stands, as originally written.

   c. **Metrohealth, Inc. v. Nat'l Labor Relations Bd., No. 23-1301 (D.C. Cir. Dec. 13, 2024)** - This case involves Metro Health, Inc., operating as Hospital Metropolitano Rio Piedras, and the Unidad Laboral de Enfermeras(os) y Empleados de la Salud (the Union). The Union represents four separate units of employees at the hospital. The primary legal issue arose from two consolidated cases: one alleging that the hospital violated Section 8(a)(5) and (1) of the National Labor Relations Act (NLRA) by failing to provide requested information regarding payroll records for unit employees, and another alleging unilateral subcontracting of unit work and layoffs of unit employees without bargaining. The Administrative Law Judge (ALJ) Ira Sandron initially

approved a "consent order" proposed by the hospital over the objections of the General Counsel and the Union (the Charging Party).

40                                    **ORDER**

The Respondent, Metro Health, Inc. d/b/a Hospital Metropolitano, San Juan, Puerto Rico, its officers, agents, successors, and assigns, shall

45              1.  Cease and desist from

12



JD–54–22

(a)     Subcontracting bargaining-unit work and laying off unit employees, or otherwise changing the terms and conditions of employment of unit employees without first providing Unidad Laboral del Enfermeras (os) y Empleados de la Salud (the Union) with
5      adequate notice and giving it an opportunity to bargain over such decisions and their effects.

## **RELIEF REQUESTED**

8. The plaintiff respectfully moves the United States District Court Eastern District Alexandria Division to enter a Final Order for Permanent Injunction and Other Equitable Relief (the "Order"). The Order shall:

   a. Permanently enjoin and restrain the Defendants Lentegrity LLC and Setayesh Inc DBA Merlex Auto Group, from failing to disclose the full and actual amount of interest to be paid for an auto loan alongside the price of the vehicle, from hiding any amount of interest under an inflated price of a vehicle, which results in violation of the Truth In Lending Act [TILA], *15 U.S.C. 1601 et seq.,* with a cease and desist order;

b. Require Defendants Lentegrity LLC and Setayesh Inc DBA Merlex Auto Group, to take the following affirmative actions to effectuate the policies of the Truth In Lending Act [TILA] and the state of Virginia Codes:

1. Develop and implement a corrective action plan to ensure compliance with the TILA *15 U.S.C. 1601 et seq.*, and Virginia Code § *6.2-2215. Required and prohibited business methods* and the state of Virginia Code § *6.2-1520. Rate of interest*;

2. Provide training and education to all relevant personnel on the requirements of the TILA and Virginia Code the state of Virginia Code § *6.2-1520. Rate of interest*.

3. Update policies and procedures to ensure compliance with the TILA and Virginia Code § *6.2-2215. Required and prohibited business methods*.

4. Reprocess all customer complaints for billing errors that were denied or delayed due to non-compliance with the *15 U.S. Code § 1666. 3 (B) (1) - Correction of billing errors*.

5. Pay all wrongfully denied claims for billing errors, including interest and penalties as applicable.

6. Ensure full compliance of all court summons and court orders in order to avoid the violation of *18 U.S. Code § 401 - Power of court*.

7. Furnish accurate information to the credit bureaus including when there is an account in dispute, in order to ensure compliance with the *15 U.S. Code § 1681s–2 (1)(A)- Responsibilities of furnishers of information to consumer reporting agencies*.

8. Ensure that there is full disclosure prior to the repossession of any vehicle in dispute and ensure all disputes are settled without undue delay or burden on the customer.

9. Notify all customers of the requirements to qualify for an auto under the TILA and disclose the single digit interest rate in accordance with the Virginia Code *§ 6.2-1520. Rate of interest*.

10. Provide education and outreach to customers on the importance of their rights to dispute their contract in any court of law, without threats and coercion to arbitrate.

11. Ensure that all notifications, education, and outreach materials are culturally competent and accessible to diverse populations.

12. Establish a compliance monitoring program to ensure ongoing compliance with the TILA and Virginia Code *§ 6.2-2215. Required and prohibited business methods*.

13. Require regular reporting and disclosure of compliance metrics and outcomes.

14. Award the plaintiff with reasonable attorney's fees and any other and further relief.

15. Retain jurisdiction over the Parties to enforce the terms of the Settlement Agreement and the Order.

## **STIPULATION OF THE PARTIES**

9. The Parties stipulate and agree to the entry of the Final Order, and hereby request that the District Court to approve and enter the Order without the need for further notice or hearing.

10. Within 21 days after service of the Final Order by the United States District Court Eastern District Alexandria Division, the defendants will file a sworn certification of a responsible official on a form provided by them, attesting to the steps that they have taken to comply with the TILA, Virginia Codes and the Final Order.

11. **THEREFORE**, plaintiff Wilson Ochar alleges that the defendant Merlex Auto Group and Lentegrity LLC engaged in predatory lending by adding hidden fees to the original 13,000$ price of the vehicle to make the loan amount 19,560.77$. The defendant also engaged in adding an excessive interest rate from the monthly payments where they distributed more than 150$ for interest which was against the sales contract. Also the defendant engaged in baiting and switching where he agreed with the plaintiff on a fixed interest rate, but was delivering a variable interest rate. The defendants then illegally repossessed the plaintiff's vehicle without prior disclosure or disputing in a court of law. All of these activities constitute predatory lending and all together have contributed to the financial loss and damage of putting the plaintiff in a debt trap, causing emotional trauma and distress to the plaintiff which will have a long term effect of chronic stress and affect the overall wellbeing of the plaintiff.  This violates TILA *15 U.S.C. 1601 et seq.,* and Virginia Code *§ 6.2-2215. Required and prohibited business methods* and the state of Virginia Code *§ 6.2-1520. Rate of interest*; all of which the civil penalties for such violations fall under the jurisdiction of the District Court. The plaintiff is seeking injunctive relief and maximum compensatory damages that the courthouse can order from the defendant which can also be used to settle other affected residents as well. The plaintiff tried his best to come to an agreement with a consent order, but the defendants failed to bargain, where the plaintiff then filed the motion for entry of consent judgement which is not appealable after being granted as a final order by the circuit court.

12. **WHEREFORE**, the plaintiff files this humble submission and kindly requests the defendants and the District Court to please kindly GRANT the motion for entry for a consent judgement as a Final Order for permanent injunction and other equitable relief so as to settle this matter amicably and equitably.

Respectfully Submitted by

March 27th 2025
Wilson Ochar
Plaintiff & Pro Se Party
928 Manor Rd Apt 202
Alexandria, VA 22305
Telephone: 703-795-6182
Email:wilson.ochar@gmail.com

FILED

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT ALEXANDRIA DIVISION

2025 MAR 27  P 3: 09

Wilson Ochar

(Plaintiff)

V

Lentegrity *et al*

Merlex Auto Group

(Defendants)

Case No: 1:24-cv-00926

## ROSEBORO NOTICE

Pursuant to Local Rule 7(K), and in accordance with *Roseboro v. Garrison*, 528 F. 2d 390 (4th Cir. 1975), Defendant is advised that he has the right to file a response opposing the motion accompanying this notice, and that failure to respond may result in the relief requested in this motion, Wilson Ochar v Lentegrity et al Merlex Auto Group Motion for Consent Judgement in favor of the plaintiff, and/or entry of judgment in favor of Plaintiff being granted.

Defendant's response must identify all facts stated by the plaintiff with which the defendant disagrees and must set forth his version of the facts by offering affidavits (i.e., written statements signed before a notary public and under oath) or by filing sworn statements (i.e., bearing a statement that is filed under penalty of perjury). The defendant may also file a legal brief in opposition to the one filed by the Plaintiff. The defendant's response must be filed, and a copy provided to Plaintiff, within twenty-one (21) days of the date Defendant's motion is filed. Plaintiff's motion was filed on March 27th, 2025.

Dated: March 27th, 2025
Respectfully Submitted By:
Wilson Ochar
928 Manor Rd Apt 202 Alexandria, VA 22305
Telephone: 703-795-6182
Email: wilson.ochar@gmail.com
Pro Se

Wilson Ochar
Plaintiff & Pro Se party

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT ALEXANDRIA DIVISION

Wilson Ochar
(Plaintiff)

V
Lentegrity *et al*
Merlex Auto Group
(Defendants)

Case No: 1:24-cv-00926

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2025, a true copy of the foregoing was filed in the United States District Court Eastern District Alexandria Division Court, and sent by electronic mail and first-class mail, postage prepaid, to the following:

David R. Mahdavi
Virginia State Bar Id. # 27417
MAHDAVI, BACON HALFHILL & YOUNG, PLLC
11350 Random Hills Road Suite 700
Fairfax, Virginia 22030
Tel: 703-790-4900
Fax: 703-790-1676
dmahdavi@mahdavibacon.com
Counsel for Defendant Setayesh, Inc.

Lentegrity Customer Service
27472 Portola Pkwy #205-345
Foothill Ranch, CA 92610.
California Debt Collector
License #10216-99
Telephone: 833-688-0694
E-mail: cs@lentegrity.com

Wilson Ochar
Plaintiff & Pro Se Party

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT ALEXANDRIA DIVISION

Wilson Ochar
(Plaintiff)

V
Lentegrity *et al*
Merlex Auto Group
(Defendants)

Case No: 1:24-cv-00926

### Local Rule 83.1 (N) Certifications.

I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of *Motion for a final order for permanent injunction and other equitable relief.*

Wilson Ochar
Plaintiff & Pro Se Party
Submitted on March 27th 2025
928 Manor Rd Apt 202
Alexandria, VA 22305
Telephone: 703-795-6182
Email:wilson.ochar@gmail.com

The following attorney(s) prepared or assisted me in preparation of
_____

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Number of Attorney)
_____
(Email of Attorney