IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILSON OCHAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-00926 (PTG/WBP) |
| LENTEGRITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND SANCTIONS ORDER**

Before the Court is Plaintiff Wilson Ochar's Motion for a Final Order for Permanent Injunction and Other Equitable Relief. ("Motion"; ECF No. 114.) For the reasons below, the Motion is DENIED and Mr. Ochar is SANCTIONED.

On May 31, 2024, Mr. Ochar filed a Complaint against Defendants Lentegrity ("Lentegrity") and Merlex Auto Group ("Merlex") alleging violations of the Truth in Lending Act, Fair Credit Billing Act, and Code of Virginia § 6.2-2215. (ECF No. 1 at 4-5.) Merlex was served on July 18, 2024 (ECF No. 33), and on August 5, 2024, Merlex moved to dismiss or stay the case pending arbitration. (ECF No. 35.) Merlex argued that, when Mr. Ochar bought a vehicle from Merlex, he signed a Retail Installment Sales Contract ("RISC") that included an arbitration agreement. (ECF No. 36 at 1-4.) Because Merlex moved to exercise its right to arbitrate the dispute under the RISC, on August 22, 2024, the district judge stayed this action as to Merlex pending resolution of Plaintiff's claims in arbitration. As for Lentegrity, Mr. Ochar failed to properly serve it (ECF No. 34), so on October 30, 2024, the district judge dismissed Lentegrity from this case without prejudice and therefore Lentegrity is no longer a party. (ECF No. 59.)

Since the district judge stayed this action pending arbitration, Mr. Ochar has filed more than a dozen frivolous motions arguing—among other things—that this matter should not be arbitrated, waiving oral argument on all of them. (ECF Nos. 49, 52, 54, 60, 66, 70, 76, 77, 80, 82, 94, 98, 103, 106, 114.) Despite the stay, Merlex has been forced to respond to these motions, and for the motions the Court has ruled on, the Court has entered orders denying all of them.

One of these motions was a Motion to Expedite Proceedings, which Mr. Ochar filed on January 27, 2025, and waived oral argument. (ECF Nos. 82, 83.) On January 29, 2025, the Court—on its own initiative—scheduled a hearing on the Motion to Expedite Proceedings believing that a hearing would aid the Court in its decisional process and because the Court wanted the opportunity to speak to Mr. Ochar so that it could explain the procedural history of the case to him and to direct him towards arbitration, as had been previously ordered by the district judge. (ECF No. 85.)

On February 21, 2025, the Court held the hearing on Mr. Ochar's Motion to Expedite Proceedings. (ECF No. 92.) At the hearing, the Court informed Mr. Ochar that (1) Lentegrity was no longer a party to this case; (2) this case has been stayed pending arbitration; and (3) any argument Mr. Ochar wanted to make must be asserted in the arbitration. Having taken the time to discuss the case posture with Mr. Ochar, the Court informed Mr. Ochar that, if he continued to file frivolous motions, he would be sanctioned. By the end of the hearing, Mr. Ochar appeared to understand the case posture and that he needed to advance his claims in the arbitration before returning to this Court. Indeed, by the end of the hearing, Mr. Ochar and Merlex's counsel agreed to use Juridical Solutions for the arbitration, and the Court facilitated an agreement between Mr. Ochar and Merlex's counsel to pick an arbitrator—which Mr. Ochar approved.

2

After the hearing, Mr. Ochar identified three retired judges that he agreed were acceptable choices to arbitrate the case and, of the three choices, Merlex chose the Honorable Jeanette A. Irby as the arbitrator. (ECF No. 96 at 2.) On February 28, 2025—a Friday—Mr. Ochar demanded that the arbitration take place on March 3, 2025—the following Monday. (*Id.* at 3.) Juridical Solutions informed Mr. Ochar that it was unable to proceed with the arbitration that quickly, so Mr. Ochar and Merlex proposed alternate dates and ultimately scheduled the arbitration for March 28, 2025. (*Id.* at 4.) When Juridical Solutions forwarded Mr. Ochar confirmation of the arbitration along with an Agreement to Arbitrate (*Id.* at 5), on March 6, 2025, Mr. Ochar filed a Motion to Remand Complaint from Arbitration arguing that 9 U.S.C. section 4 allowed this case to be litigated in this Court instead of in arbitration. (ECF No. 94.) Mr. Ochar again waived a hearing. (ECF No. 95.)

After reviewing Mr. Ochar's Motion to Remand, the Court scheduled a status conference for March 27, 2025. (ECF No. 102.) Mr. Ochar filed a Motion in Opposition to the Court's notice of status conference (ECF No. 103), which the Court denied (ECF No. 105). Two days before the status conference, Mr. Ochar filed a Motion for Entry of Consent Judgment (ECF No. 106) and Motion in Support for a Hearing of Oral Argument (ECF No. 108).

At the March 27, 2025, status conference, Mr. Ochar again argued that he could not arbitrate his claims, and the Court again informed Mr. Ochar that this case has been stayed pending arbitration. The Court explained to Mr. Ochar that his excessive filings have greatly expended the Court's and Merlex's time and resources. The Court warned Mr. Ochar that if he files more frivolous motions, he could be sanctioned up to $100.00 per frivolous motion. After the hearing, the Court entered an order indicating the same. (ECF No. 111.)

On that same day, Mr. Ochar filed a Motion to Appeal and Vacate Order Denying Remand and Consent Judgment (ECF No. 112) and the instant Motion for a Final Order for Permanent Injunction and Other Equitable Relief (ECF No. 114). The Motion to Appeal is essentially a Notice of Appeal to the Fourth Circuit, and the Court does not find that it is frivolous or that this Court need take any action on it. In contrast, the Motion for a Final Order for Permanent Injunction and Other Equitable Relief is frivolous on its face and includes false facts. For example, in the Motion, Mr. Ochar asks the Court for entry of a final order because "[t]he parties stipulate and agree to entry of the [f]inal [o]rder." (ECF No. 114 at 6.) This is untrue. Lentegrity is not a party here and has agreed to nothing, and Merlex does not want the Court to enter a final order granting Mr. Ochar relief. Rather, Merlex seeks to arbitrate Mr. Ochar's claims.

Therefore, because the Court put Mr. Ochar on notice that he could be sanctioned for filing frivolous motions, and because Mr. Ochar's Motion for a Final Order for Permanent Injunction and Other Equitable Relief is a frivolous motion, it is hereby

ORDERED that the Motion for a Final Order for Permanent Injunction and Other Equitable Relief (ECF No. 114) is DENIED; and it is further

ORDERED that Mr. Ochar is fined $100.00 for filing the Motion for Final Order for Permanent Injunction and Other Equitable Relief; and it is further

ORDERED that Mr. Ochar is directed to pay the above monetary sanction to the Clerk of Court on or before April 14, 2025. Failure to timely comply with this Order will result in further sanctions.

Entered this 31st day of March 2025.

Alexandria, Virginia

_____
William B. Porter
United States Magistrate Judge